# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

---

No. 23-2415

---

ANDREW R. PERRONG

*Appellant*

v.

MONTGOMERY COUNTY DEMOCRATIC COMMITTEE
MONTCO VICTORY
JOSEPH FOSTER

*Appellees*

---

## BRIEF OF APPELLEES

---

*On Appeal from the United States District Court for the Eastern District of Pennsylvania's July 18, 2023 Order granting Defendants' Motions to Dismiss the Amended Complaint with prejudice*

---

THE LAW OFFICE OF MICHAEL J. D'ANIELLO
Janine D. Martin, Esquire (307224)
509 SWEDE STREET
NORRISTOWN, PENNSYLVANIA 19401
(610) 270-8800
janine@daniellolaw.com
*Attorneys for Appellees*

Dated: November 2, 2023

## CORPORATE DISCLOSURE STATEMENT

The nongovernmental corporate parties, Montgomery County Democratic Committee and Montco Victory, in the above listed civil action do not have any parent corporation and publicly held corporation that owns 10% or more of their stock.

Dated:  November 2, 2023                    Respectfully submitted,

By:  /s/ Janine D'Aniello Martin

Law Office of Michael J. D'Aniello
509 Swede Street
Norristown, PA 19490
Tel: 610-270-8800
Fax: 610-270-0503
janine@daniellolaw.com

*Attorneys for Appellees*

# **TABLE OF CONTENTS**

ISSUES PRESENTED ................................................................................ 1

STATEMENT OF THE CASE .................................................................. 2

SUMMARY OF ARGUMENT .................................................................. 5

ARGUMENT ............................................................................................ 6

A.    LEGAL STANDARD ..................................................................... 6

B.    THE DISTRICT COURT DECISION SHOULD BE UPHELD BECAUSE THE ALLEGED CALLS WERE NOT MADE USING A PROHIBITED ATDS .................... 7

    1.    The District Court Correctly Held That The Calls At Issue Were Not Placed Using An ATDS Because The Calls Were Made From A Curated List That Was Not Randomly Or Sequentially Generated .................................................................. 7

    2.    Footnote 7 Of The Supreme Court's Opinion In Facebook v. Duguid Does Not Support Appellant's Position. ........................................................ 12

    3.    The District Court's Opinion Is Consistent With Principles Of Statutory Interpretation. ........................................................ 13

    4.    The District Court's Interpretation Is Consistent With The Policy Behind the TCPA ..................................................................... 16

    5.    The Cases Appellant Relies Upon Are Distinguishable And Not Persuasive Authority ..................................................................... 18

C.    THE DISTRICT COURT'S OPINION CAN BE AFFIRMED ON THE ALTERNATE GROUND THAT THE AMENDED COMPLAINT DID NOT PLEAD THAT THE ALLEGED CALLS CAME FROM APPELLANTS. .................................. 21

CONCLUSION ....................................................................................... 23

COMBINED CERTIFICATIONS

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases**

*Barnett v. Bank of America*, 2021 WL 2187950 (W.D.N.C. May 28, 2021) ......... 21

*Beal v. Outfield Brew House LLC*, 29 F.4th 391, 396 (8th Cir. 2022) ........ 11, 13, 17

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................. 6

*Borden v. eFinancial LLC*, 53 F.4th 1230 (9th Cir. 2022) ................... 11, 13, 15, 18

*Camunas v. Nat'l Republican Senatorial Comm.*, 570 F.Supp.3d 288 (E.D. Pa. 2021) ....................................................................................................... 7, 11, 13

*Carl v. First Nat'l Bank of Omaha*, No. 19-cv-00504, 2021 WL 244162 (D. Maine June 15, 2021) ...................................................................................................... 19

*Facebook v. Duguid,* 141 S.Ct. 1163 (2021) ................................................... passim

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009)...................................... 6

*Jimenez v. Credit One Bank*, 632 F. Supp. 3d 381 (SDNY 2022)......................... 21

*Libby v. Nat'l Republican Senatorial Comm.*, 551 F.Supp.3d 724, 729 (W.D. Tex. 2021) ........................................................................................................................ 18

*MacDonald v. Brian Gubernick, PLLC*, No. 20-cv-00138, 2021 WL 5203107 (D. Ariz. Nov. 9, 2021) ................................................................................................. 19

*McEwen v. Nat'l Rifle Assoc. of America*, No. 20-cv-00153, 2022 WL 2073354 (D. Maine Dec. 20, 2021) ............................................................................................. 20

*Mina v. Red Robin Int'l,* No. 20-cv-00612, 2022 WL 2105897 (D. Colo. June 10, 2022)................................................................................................................. 13, 19

*Montanez v. Future Vision Brain Bank LLC*, 536 F. Supp. 3d 828 (D. Colo. 2021) ................................................................................................................................ 19

*Panzarella v. Navient Solutions*, 37 F.4th 867 (3d Cir. 2022) ........................ passim

*Perrong v. Bradford*, No. 230cv099510, 2023 WL 6119281 (E.D. Pa. Sept. 18, 2023) ......................................................................................... 11, 15, 16

*Perrong v. ReWeb Real Estate LLC*, No. 19-4228, 2020 WL 4924533 (E.D.Pa. August 21, 2020) ........................................................................................... 2

*Poonja v. Kelly Services*, No. 20-cv-4388, 2021 WL 4459526 (N.D. Ill. Sept. 29, 2021) ................................................................................................... 19

*Scherrer v. FPT Operating Co.*, No. 19-cv-03703, 2023 WL 4660089 (D. Colo. July 20, 2023) ........................................................................................... 19

*Smith v. Direct Building Supplies, LLC* No. 20-3583, 2021 WL 4623275, at *3 (E.D. Pa. Oct. 7, 2021) .................................................................................. 22

*Timms v. USAA Fed. Sav. Bank*, 543 F. Supp. 3d 294 (D.S.C. 2021) ........ 13, 20, 21

*Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77 (3d Cir. 2011) .............................. 7

## Statutes

47 U.S.C. § 227 ..................................................................................... 2, 5, 7, 8, 14

## ISSUES PRESENTED

1.      Whether the District Court correctly held that an Automatic Telephone Dialing System is not used in violation of the Telephone Consumer Protection Act when calling all phone numbers on a previously compiled list, whether randomly or sequentially, so long as the numbers in the list were not themselves generated randomly or sequentially.  **Yes**.

2.      Whether, in the event this Court determines that the District Court's holding was incorrect, the District Court's decision should still be upheld on the alternative ground that the Amended Complaint fails to adequately allege that Appellees placed the alleged calls to Appellant.  **Yes**.

## STATEMENT OF THE CASE

Appellant Andrew Perrong, known as the "robocall avenger,"[1] filed the underlying litigation following his receipt of three telephone calls that he attributes to Appellees.  He claims these calls were placed in violation of the Telephone Consumer Protection Act ("TCPA"), which prohibits individuals and entities from using Automatic Telephone Dialing Systems ("ATDS") to make certain telephone calls without the consent of the receiving party.  47 U.S.C. § 227.  Mr. Perrong is a professional plaintiff who has filed hundreds of these cases across the county, over seventy-five of which were filed in the District Court for the Eastern District of Pennsylvania alone.  The District Court for the Eastern District of Pennsylvania has described Mr. Perrong as a "prolific" plaintiff who employs "a strategy of pressuring these defendants to settle independent of the merits of the case" rather than be forced to "expend funds for the retention of counsel." *Perrong v. ReWeb Real Estate LLC*, No. 19-4228, 2020 WL 4924533, at *3 (E.D.Pa. August 21, 2020).

---

[1] Christian Hetrick, *Meet the Robocall Avenger:  Andrew Perrong, 21, Sues Those Pesky Callers For Cash*," Philadelphia Inquirer, Nov. 2, 2018 (available at https://www.inquirer.com/philly/business/robocall-lawsuits-verizon-citibank-andrew-perrong-20181102.html).  Indeed, Mr. Perrong has gone through "great lengths" to pursue these lawsuits, including "[i]n one case, he scheduled an appointment through a telemarketer, ostensibly to get a home-repair estimate [and] [w]hen a repairman arrived, Perrong took his business card, sent him home, and then sued his company the next day." *Id.*

Appellee Montgomery County Democratic Committee ("MCDC") is a political action committee that supports democratic candidates in Montgomery County, Pennsylvania. Appellee Joseph Foster was the chairman of MCDC at the time relevant to this action. Appellee Montco Victory is a separate political action committee that supported a specific slate of democratic candidates in Montgomery County, Pennsylvania during a specific election cycle that has since been dissolved.

In his Amended Complaint, Mr. Perrong alleged that in October 2019, he received three calls to his telephone number from a caller using an ATDS as prohibited by the TCPA. He alleges "the telephone service provider for this Caller ID" for the number that called him is a company called "Twilio." (Appx. 21 at ¶¶ 35-36.) Mr. Perrong alleges that he did not answer the first two calls and that, upon answering the third, there was a pause and an audible click before a live caller spoke. (Appx. 21-22 at ¶¶ 35, 39-40.) According to the Amended Complaint, the caller was looking for "Andrew," which is Mr. Perrong's first name, and "was wanting to know when [Mr. Perrong] would 'fill out' and return his absentee ballot 'to vote for the Montgomery County Democrat candidates." (Appx. 22 at ¶42.) Mr. Perrong alleges he informed the caller "he would not be voting absentee nor Democrat" and the caller "thanked [him], stated that the call was 'paid for by Montco Victory,' and terminated the call." (*Id.* at ¶ 43.) Mr.

Perrong alleges he was charged a "ring charge" by his telephone provider of $0.005 for the three calls and a "per-minute" charge of $0.004 for the brief call he answered. (Appx. 20-21 at ¶¶ 32-33.)

Appellees timely moved to dismiss the Amended Complaint with prejudice arguing that the Amended Complaint failed to adequately plead that the alleged calls were placed using an ATDS in violation of the TCPA. (Appx. 37-41.) The District Court agreed, holding that an ATDS was not used in violation of the TCPA because the calls were allegedly made from a curated list of Montgomery County voters. (Appx. 9-10.) Because Mr. Perrong had already amended his complaint once after these arguments were presented in a Motion to Dismiss, the District Court found further amendment to be futile and dismissed the Amended Complaint with prejudice. (Appx. 11.) The only issue that Mr. Perrong raises on Appeal is whether the District Court is correct in holding that the TCPA is not violated when calls are made from a curated list that was not randomly or sequentially generated. Appellees submit that the District Court was correct and its Order dismissing the Amended Complaint with prejudice should be affirmed.

Appellees also argued to the District Court in their Motions to Dismiss that dismissal was warranted because the Amended Complaint did not sufficiently plead that the call was placed by MCDC, Joseph Foster, or Montco Victory. (Appx. 36-37, 60.) Because the District Court found no violation of the TCPA, it

did not address this argument.  (Appx. 7 at n.1.)  Should this Court disagree with

the holding of the District Court, Appellees respectfully submit that the District

Court's dismissal of the underlying action should be affirmed on this alternative

ground argued in the Motions to Dismiss.  *See, e.g.*, *Panzarella v. Navient*

*Solutions*, 37 F.4th 867, 881 (3d Cir. 2022).

## SUMMARY OF ARGUMENT

Appellees submit that the District Court's Order should be affirmed because

the TCPA does not prohibit the calls alleged in the Amended Complaint.  The

TCPA makes it unlawful to make telephone calls "using any automatic telephone

dialing system" ("ATDS").  47 U.S.C. § 227(b).  To qualify as using an ATDS, "in

all cases, whether storing or producing numbers to be called, the equipment in

question must use a random or sequential number generator."  *Facebook v.*

*Duguid,* 141 S.Ct. 1163, 1170 (2021).  Based upon this Court's precedent,

principles of statutory interpretation, Congress's purpose for passing the TCPA,

and the approach taken by many other Courts analyzing this issue, the District

Court correctly held that an autodialer making calls from a specific list of

telephone numbers that were not themselves randomly or sequentially generated is

not using a "random or sequential number generator" proscribed by the TCPA.

Instead of addressing the multiple cases analyzing this issue, Appellant's

brief cites inapposite cases and spends pages upon pages discussing the software

that allegedly made the calls to his telephone number, making video card game and slot machine analogies, and referencing code materials.  None of this is persuasive authority sufficient to overturn the District Court's decision that a system that makes telephone calls from a specific list of telephone numbers that were not themselves randomly or sequentially generated does not qualify as an ATDS in violation of the TCPA.  Appellees urge this Court to uphold the decision of the District Court.

In the alternative, the District Court's Order dismissing the Amended Complaint should be affirmed because the Amended Complaint fails to adequately plead that Appellants made the calls.

## ARGUMENT

### A. LEGAL STANDARD

On a Motion to Dismiss, the District Court considers whether the Amended Complaint alleged "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 571 (2007).  While the Court must accept as true the "well-pleaded facts" in the Complaint, the Court "may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  Indeed, "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 210 (quoting

*Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *see also Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) ("a formulaic recitation of the elements of a cause of action will not do") (internal citations omitted).

To bring a claim under Section 227(b) of the TCPA, the Amended Complaint must adequately plead the following:  (1) the defendant called a cellular or other qualifying telephone number; (2) the call was placed using an automated telephone dialing system ("ATDS"); and (3) the call was made without the consent of the plaintiff.  *See* 47 U.S.C. § 227(b); *see also Camunas v. Nat'l Republican Senatorial Comm.*, 570 F.Supp.3d 288, 293 (E.D. Pa. 2021).  If just one of these elements is missing, the Amended Complaint must be dismissed.  Here, the District Court correctly found that the second element was lacking and appropriately dismissed the Amended Complaint.  Appellees also argued, but the District Court did not consider, that the Amended Complaint fails to adequately allege the third element and that dismissal is also appropriate pursuant to that ground.

## B.   THE DISTRICT COURT DECISION SHOULD BE UPHELD BECAUSE THE ALLEGED CALLS WERE NOT MADE USING A PROHIBITED ATDS.

### 1.   The District Court Correctly Held That The Calls At Issue Were Not Placed Using An ATDS Because The Calls Were Made From A Curated List That Was Not Randomly Or Sequentially Generated.

Congress passed the TCPA in 1991 "to address 'the proliferation of intrusive nuisance calls' to consumers and businesses from telemarketers." *Facebook*, 141

S.Ct. at 1167 (citing 47 U.S.C. § 227).  Since its inception, Congress and the

Courts have been clear that the purpose of the TCPA is not to make **all** unwanted

or unsolicited calls illegal.  *Panzarella*, 37 F.4th at 879.  To strike this balance, the

TCPA makes it unlawful to make telephone calls "using any automatic telephone

dialing system" ("ATDS").  47 U.S.C. § 227(b).  For years, Courts differed in their

interpretation of how narrowly or broadly an ATDS should be defined.  However,

in 2021, the United States Supreme Court confirmed that a narrower approach

should be taken and that to qualify as using an ATDS, "in all cases, whether

storing or producing numbers to be called, the equipment in question must use a

random or sequential number generator."  *Facebook*, 141 S.Ct. at 1170.  The Third

Circuit recently affirmed that this definition strikes the balance Congress intended,

"imposing liability only when those telemarketers used their dialing systems to

cause the harms the TCPA sought to eliminate."  *Panzarella*, 37 F.4th at 880-81.

    *Panzarella* provided a simple example to illustrate the type of dialing

systems that are permitted and prohibited under the TCPA:

> A simple hypothetical illustrates how sections 227(a)(1)
> and 227(b)(1)(A) work together. Imagine Junk Call Corp.
> employs a dialing system with a switch that allows Junk
> Call to make calls in one of two modes: "automatic," in
> which the system dials random or sequential telephone
> numbers, and "list," in which the system dials the
> telephone numbers imported from Junk Call's customer
> list. This dialing system qualifies as an ATDS because it
> has the present capacity to produce random telephone
> numbers and then dial them. *See Dominguez*, 894 F.3d at

119-20, 120 n.23. A broad construction of "using any [ATDS]" (i.e., section 227(b)(1)(A) prohibits any call made with the assistance of an ATDS) would mean that Junk Call would violate the TCPA when it conducts calling campaigns in either automatic mode or list mode. Under the narrower construction (i.e., section 227(b)(1)(A) proscribes calls that employ an ATDS's capacity to generate random or sequential numbers), Junk Call's automatic-mode calls alone would give rise to TCPA liability.

*Panzarella*, 37 F.4th at 881. The Third Circuit held that "[o]nly the latter reading gives effect to Congress's intent in enacting the TCPA" because "automatic-mode calls, but not list-mode calls, threaten to harm the TCPA targets—telemarketing 'that risks dialing emergency lines randomly or tying up all the sequentially numbered lines at a single entity.'" *Id.* (quoting *Facebook*, 141 S.Ct. at 1171).

The District Court below opined that the suggestion that calls from a preproduced list are permitted under the TCPA was dicta and that the Third Circuit's holding in *Panzarella* was limited to "whether the 'use' of an ATDS requires using its random or sequential number-generating capabilities as opposed to its other features." (Appx. 8.) The District Court did note that the Third Circuit "appeared to assume that calling numbers from a list did not qualify as random or sequential generation." (Appx. 8.)

The District Court then considered well-settled principles of statutory construction, including the plain meaning of the term "generator," to conclude that "selecting numbers from a list is not 'generating' those numbers." (Appx. 9.) The

District Court also considered persuasive precedent in the Ninth Circuit, which held that "the phrase 'random or sequential number generator' means ' random or sequential <u>telephone</u> number generator,'" and that "generating a sequence of (non-telephone) numbers (e.g., 1, 2, 3, . . .) and using those numbers to select the first, second, and third phone numbers in a list does not count as generating sequential <u>phone</u> numbers." (Appx. 9.) In accordance with this analysis, the District Court ultimately held that "a device that randomly or sequentially calls all phone numbers in a previously compiled list would not qualify as an ATDS (so long as the numbers in the list were not themselves randomly or sequentially generated)." (Appx. 9.) Thus, the calls allegedly made to Mr. Perrong's telephone number did not violate the TCPA because they were made from a specific list of registered voters in Montgomery County, Pennsylvania. The caller knew his name, knew he lived in Montgomery County, Pennsylvania, and called him to urge him to vote in the upcoming election in Montgomery County, Pennsylvania.

The District Court's holding is supported by the Supreme Court's decision in *Facebook*, decisions in the courts of this Circuit, as well as persuasive precedent from other Circuits. *Facebook*, 141 S.Ct. at 1168 (stating that the issue to which they granted certiorari was "to resolve a conflict among the Courts of Appeals regarding whether an autodialer must have the capacity to generate random or sequential **phone numbers**."); *Borden v. eFinancial LLC*, 53 F.4th 1230, 1234

(9th Cir. 2022) (holding that "an autodialer must be able to generate and dial random or sequential phone numbers, not just any number"); *Beal v. Outfield Brew House LLC*, 29 F.4th 391, 396 (8th Cir. 2022) (using software to randomly select phone numbers to text from an existing list does not violate the TCPA so long as the list of phone numbers was not randomly generated); *Perrong v. Bradford*, No. 230cv099510, 2023 WL 6119281, at *4 (E.D. Pa. Sept. 18, 2023) (dismissing claim that a state representative used an ATDS to make a prerecorded robocall to an inputted list of numbers even though the complaint alleged that the system then generated numbers that determined the order in which to make the calls); *Camunas*, 570 F. Supp. 3d at 295 (granting motion to dismiss when "at best, Plaintiff alleges Defendant's 'dialing technology' calls phone numbers *from a stored list* using random or sequential number generator *to select* those phone numbers.").

Mr. Perrong misinterprets the District Court's holding and argues in his brief that "the District Court legalized *any* telephone equipment that does not *itself* randomly or sequentially generate telephone numbers." (Appellant Br. at 5.) Not so. The District Court simply held that an autodialer that uses a random or sequential number generator to dial numbers from a preproduced list of numbers (that was not itself created using a random or sequential number generator) does not violate the TCPA.

2. **Footnote 7 Of The Supreme Court's Opinion In *Facebook v. Duguid* Does Not Support Appellant's Position.**

Mr. Perrong claims that the District Court failed to adhere to Supreme Court precedent which comes from his interpretation of footnote 7 in the leading TCPA Supreme Court Case *Facebook v. Duguid*.  The excerpt that Mr. Perrong selects from footnote 7 is:

> For instance, an autodialer might use a random number generator to determine the order in which to pick phone numbers from a preproduced list.  It would then store those numbers to be dialed at a later time.  In any event, even if the storing and producing functions often merge, Congress may have "employed a belt and suspenders approach" in writing the statute.

*Facebook*, 141 S.Ct. at 1172 n.7.  Although it may seem at first glance that this footnote supports Mr. Perrong's argument that using a program that randomly generates which number to call on a preproduced list of phone numbers constitutes an ATDS, **context is important**.

The entire text of footnote 7 makes clear that the Supreme Court was responding to an argument that the Court's holding that "using a random number generator" modifies both "store" and "produce" would render the term "store" superfluous because "it is odd to say that a piece of equipment 'stores' numbers using a random number 'generator.'"  *Id.* at 1172.  Citing an amicus curie brief, the Court explained that "it is less odd as a technical matter" because "as early as 1988, the U.S. Patent and Trademark Office issued patents for devices that used a

random number generator to store numbers to be called later (as opposed to using a number generator for immediate dialing)." *Id.* As many courts have pointed out when grappling with this footnote, the amicus brief that the Court cited makes clear that the system referenced involved a preproduced list of phone numbers which consisted of phone numbers that were generated by a random or sequential number generator. *See, e.g.*, *Borden v. eFinancial LLC*, 53 F.4th 1230, 1235 (9th Cir. 2022); *Beal v. Outfield Brew House LLC*, 29 F.4th 391, 396 (8th Cir. 2022); *Camunas v. Nat'l Republican Senatorial Comm.*, 570 F. Supp. 3d 288, 295-96 (E.D. Pa. 2021); *Timms v. USAA Fed. Sav. Bank*, 543 F. Supp. 3d 294, 300-01 (D.S.C. 2021); *Mina v. Red Robin Int'l,* No. 20-cv-00612, 2022 WL 2105897, *4 (D. Colo. June 10, 2022). In other words, it is clear that the Supreme Court in footnote 7 was not considering a scenario, as alleged here, where telephone numbers were imported from a preproduced list of contacts that were not created by a random or sequential number generator, and then a random or sequential number generator was used to select the order in which the numbers were later dialed.

### 3.  The District Court's Opinion Is Consistent With Principles Of Statutory Interpretation.

Mr. Perrong takes issue with how the District Court below interpreted the following language from the TCPA's definition of an ATDS:  "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a

random or sequential number generator, and . . . to dial such numbers." 47 U.S.C. § 227(a)(1). First, Mr. Perrong accuses the District Court of wrongfully adding the word "telephone" into the phrase "random or sequential number generator" when, according to Mr. Perrong, Congress did not intend to do so. This argument does not comport with principles of statutory construction and has been squarely rejected by other persuasive authority.

A few months after the District Court's decision in this case, another judge in the same District in a case involving the same plaintiff, Mr. Perrong, similarly held that "random or sequential number generator" means the equipment generates **telephone** numbers. In *Perrong v. Bradford*, the District Court reasoned:

> In the definition of "automatic telephone dialing system," Congress used the word "number" three times: (1) a reference to the equipment having the capacity to "store or produce telephone **numbers**;" (2) a reference to a "random or sequential **number** generator;" and (3) a reference to "dialing such **numbers**." "Words repeated in different parts of the same statute generally have the same meaning." Context Clues also matter. Using these principles, I conclude that all three uses of the word "number" in the definition of ATDS refer to a telephone number.

*Perrong v. Bradford*, 2023 WL 6119281, at *4. Because the first and third uses of the word "number" are clearly referring to telephone numbers, the district court found it was reasonable to interpret the second as such. *Id.*

The Ninth Circuit in *Borden v. eFinancial LLC*, which the District Court below relied on, came to the same conclusion based on the same analysis. The Ninth Circuit also explained that this interpretation is confirmed by the structure of the sentence because the phrase "number generator" modifies "telephone numbers to be called." 53 F.4th at 1233. This is because, "[w]hen interpreting a modifying clause set off by commas, 'the most natural way to view the modifier is as applying to the preceding clause.'" *Id.* (citing *Cyan, Inc. v. Beaver Cnty. Emps. Ret. Fund*, 138 S.Ct. 1061, 1077 (2018)). Finally, the Ninth Circuit noted that the statute uses "telephone number" and "number" interchangeably throughout its text, providing further support to the Court's interpretation. *Id.* at 1233-34.

Second, Mr. Perrong argues that the District Court's statutory interpretation is wrong because requiring an ATDS to store or produce randomly or sequentially generated telephone numbers renders the word "store" in the statute superfluous. The District Court in *Perrong v. Bradford* found unpersuasive this very same argument when put forth by Mr. Perrong. The Court explained that an "ATDS could generate a list of numbers, store that list, and start calling, or it could generate each individual number and call the number immediately" and that, either way, it would qualify as an ATDS. *Perrong v. Bradford*, 2023 WL 6119281, at *4. Indeed, this hypothetical posed in *Perrong v. Bradford* is identical to the hypothetical posed by footnote 7 in *Facebook v. Duguid*, where the Court surmised

that the TCPA would be violated by a system that stores phone numbers that were generated previously by a random or sequential phone number generator and then later calls the numbers from that list. *See supra* at B.2.

### 4. The District Court's Interpretation Is Consistent With The Policy Behind the TCPA.

Throughout his brief, Mr. Perrong argues that the District Court's interpretation of the TCPA conflicts with Congress's intent in passing the TCPA, but he fails to articulate what exactly that intent was. The Supreme Court in *Facebook*, the Third Circuit in *Panzarella*, the Eighth Circuit in *Beal*, and the Ninth Circuit in *Borden* all discussed Congress's intent and concerns in crafting the TCPA when reaching their decisions. The Supreme Court noted that "Congress expressly found that the use of random or sequential number generator technology caused unique problems for businesses, emergency, and cellular lines" and thus "the autodialer definition Congress employed includes only devices that use such technology." *Facebook*, 141 S.Ct. at 1172.

The Third Circuit referenced Congress's intent to support its holding in *Panzarella* and described "the harm the TCPA targets" as "telemarketing 'that risks dialing emergency lines randomly or tying up all the sequentially numbered lines at a single entity.'" *Panzarella*, 37 F.4th at 881 (citing *Facebook*, 141 S.Ct. at 1171). The Eighth Circuit, when interpreting the Supreme Court's opinion in *Facebook*, explained that the Court "was not concerned with how an automatic

texting system may organize and select phone numbers . . . [but] was instead concerned with Congress's limiting the definition of Autodialer to unique equipment capable of randomly dialing emergency lines and tying up sequentially numbered business lines." *Beal*, 29 F.4th at 396.

Finally, the Ninth Circuit, in holding as the District Court did below—that the TCPA does not proscribe a system that calls telephone numbers from a preproduced list so long as that list was not itself generated by a random or sequential number generator—referenced Congress's goal of preventing the use of systems that can tie up emergency lines or tying up sequentially numbered business lines and noted that "these concerns would not matter under Borden's interpretation of the TCPA [because] [u]sing a random or sequential number generator to select from a pool of customer-provided phone numbers would not cause the harms contemplated by Congress." *Borden*, 53 F.4th at 1234-35.  For example, "public emergency services (such as police or fire departments) would presumably not be in these customer-provided lists." *Id.* at 1235.

The same analysis applies here.  Contrary to Appellant's position, the District Court's holding is consistent with Congress's intention to address very specific harms—i.e., tying up emergency lines and tying up all lines assigned to a business.  Using a random or sequential number generator to select the order in

which to dial numbers on a prepopulated list of certain voters in Montgomery County, Pennsylvania would not impact emergency or business lines.

### 5. The Cases Appellant Relies Upon Are Distinguishable And Not Persuasive Authority.

None of the TCPA cases Appellant relies upon counsel in favor of overturning the District Court's decision. Appellant argues that a "long line of courts have held that any equipment that uses a 'random or sequential number generator' to place calls, including by using the generation functionality to store telephone numbers in or produce telephone numbers from a list, is an ATDS." (Appellant Br. at 25.) A review of the cases cited shows otherwise.

*Libby v. Nat'l Republican Senatorial Comm.*, 551 F.Supp.3d 724, 729 (W.D. Tex. 2021), *Montanez v. Future Vision Brain Bank LLC*, 536 F. Supp. 3d 828, 837 (D. Colo. 2021), and *Poonja v. Kelly Services*, No. 20-cv-4388, 2021 WL 4459526, at * 3 (N.D. Ill. Sept. 29, 2021) did not address list-based calling and involved mass texts that were not personally addressed to the plaintiff. *Carl v. First Nat'l Bank of Omaha*, No. 19-cv-00504, 2021 WL 244162, *8-9 (D. Maine June 15, 2021) also did not address list-based calling and instead involved hundreds of calls, 93 of which resulted in artificial or prerecorded messages that the Court determined violated the TCPA.

While *Scherrer v. FPT Operating Co.* did address list-based calling, it is an opinion authored by a magistrate judge in a Circuit that has not spoken on this

issue and that has not since been cited.  No. 19-cv-03703, 2023 WL 4660089, at *5 (D. Colo. July 20, 2023).  The facts involved an alleged autodialer that called all small and medium-sized businesses nationwide.  *Id.*  And, as noted in the opinion, there is a split within that district regarding how to interpret "random or sequential number generator" and some courts have held differently than *Scherrer*.  *See, e.g.*, *Mina v. Red Robin Int'l*, 2022 WL 2105897, *4 (discussing footnote 7 from *Facebook* in great detail and holding "a device's capacity to randomly or sequentially select, from a prepopulated list, which number to communicate with does not render it an autodialer under the TCPA.").

   *MacDonald v. Brian Gubernick, PLLC*, No. 20-cv-00138, 2021 WL 5203107, at *2 (D. Ariz. Nov. 9, 2021) and *McEwen v. Nat'l Rifle Assoc. of America*, No. 20-cv-00153, 2022 WL 2073354 (D. Maine Dec. 20, 2021) also involved list-based calling but relied on the same excerpt of footnote 7 from *Facebook* as Mr. Perrong with little to no analysis.  The cases discussed *supra* at Section B.2 are more persuasive in their analysis and interpretation of the Supreme Court's footnote 7 in the opinion.

   Contrary to Mr. Perrong's statement that *Timms v. USAA Federal Savings Bank* and *Barnett v. Bank of America* "expressly rejected the District Court holding here" (Appellant Br. at 26), these cases actually support the District Court's holding.  Indeed *Timms* squarely rejects Mr. Perrong's exact argument under

footnote 7—that "even though the [system] was using a stored list of numbers that were not randomly generated, it can still qualify as an ATDS if it 'used a random number generator to determine the order in which to pick phone numbers from a preproduced list.'" *Timms,* 543 F. Supp. 3d at 300.  The *Timms* court stated that such an argument "takes footnote 7 out of context" and that "footnote 7 does not support Plaintiff's argument." *Id.* at 300, 301.  Like the cases discussed *supra* at Section B.2, the *Timms* court concluded that the cited statement in footnote 7 refers to the technology referenced in the amicus brief, and that the "preproduced list" referenced in the footnote is a list that itself was "sequentially generated and stored." *Id.* at 301.  Accordingly, the court held that "[b]ecause the 'preproduced list' in this case is <u>not</u> one that is 'sequentially generated and stored,' the language from footnote 7 is inapposite." *Id.*  Likewise, *Barnett* held that there was no ATDS when "the numbers chosen for the calls are selected from a pre-existing list created based on criteria from the dialer administrators, rather than by random or sequential number generators." *Barnett v. Bank of Am.*, No. 20-cv-272, 2021 WL 2187950, at *3 (W.D.N.C. May 28, 2021).

Finally, Mr. Perrong's reliance on the *Jimenez v. Credit One Bank* opinion is misplaced.  (Appellant Br. at 35.)  *Jimenez*, citing *Panzarella*, found no ATDS when the software automatically dialed numbers from a "curated list of telephone numbers provided by Credit One." 632 F. Supp. 3d 381, 384 (SDNY 2022).  It did

not, as Mr. Perrong suggests, specifically address software that uses a random or sequential number generator to select the order in which to place a call on a prepopulated list.

In sum, the District Court's opinion below is supported by the weight of persuasive precedential authority and the cases relied upon by Mr. Perrong do not alter that conclusion.  Appellees therefore respectfully urge this Court to affirm the decision of the District Court.

## C. THE DISTRICT COURT'S OPINION CAN BE AFFIRMED ON THE ALTERNATE GROUND THAT THE AMENDED COMPLAINT DID NOT PLEAD THAT THE ALLEGED CALLS CAME FROM APPELLANTS.

Appellees argued in their Motions to Dismiss the Amended Complaint that the Amended Complaint should be dismissed on the alternate ground that Mr. Perrong failed to plead that the calls came from Appellants.  The District Court never reached this issue because it held that the alleged calls did not violate the TCPA, but this Court is still permitted to affirm on this ground.  *See, e.g.*, *Panzarella* 37 F.4th at 881.

The Amended Complaint fails to plead facts sufficient to support that it was Appellants who called, or authorized the call to, Mr. Perrong.  Mr. Perrong alleges that the service provider for the telephone number that called him is company called Twilio.  (Appx. 21 at ¶ 36.)  From there, he makes the leap to conclusorily allege that Appellants collectively, or at the direction of MCDC, called Mr.

Perrong.  Mr. Perrong does not allege that Appellants have any relationship at all to Twilio.  Nor does he allege that Appellants authorized the caller, identified as "Laryssa," to make the call on their behalf, that the caller was an agent or employee of Appellants, or that the phone number that called him is associated with Appellants.

At most, Mr. Perrong alleges that the caller was "with 'the Montgomery County Democrats,'" and that the call was "paid for by the Montco Victory." (Appx. 22 at ¶¶ 42-43.)  Nevertheless, such an allegation, on its own, is insufficient to meet Appellant's burden.  *See Smith v. Direct Building Supplies, LLC* No. 20-3583, 2021 WL 4623275, at *3 (E.D. Pa. Oct. 7, 2021) ("The sole factual allegation linking Defendant to the calls is that the caller identified himself as associated with Defendant ***which is insufficient*** under the *Iqbal* pleading standards.") (citations omitted).  Accordingly, Mr. Perrong has not pled sufficient facts that Appellants placed the call(s) or directed someone else to place the call(s) and the District Court's dismissal of this action can be affirmed on this alternate ground.

## CONCLUSION

For the reasons stated herein, Appellees respectfully request that the decision of the District Court be affirmed.

Dated:  November 2, 2023                Respectfully submitted,

                                        By:  /s/ Janine D'Aniello Martin

                                        Law Office of Michael J. D'Aniello
                                        509 Swede Street
                                        Norristown, PA 19490
                                        Tel: 610-270-8800
                                        Fax: 610-270-0503
                                        janine@daniellolaw.com

                                        *Attorneys for Appellees*

## **Combined Certifications**

I, Janine D. Martin, certify that I am a member in good standing to practice in the U.S. Court of Appeals for the Third Circuit.

I further certify that this Brief complies with the type-volume limitation in Rule 32(a)(7)(B)(i) of the Federal Rules of Appellate Procedure.  Exclusive of the portions of this Brief exempted by Rule 32(f) of the Federal Rules of Appellate Procedure, this brief contains 5,235 words and was prepared in Times New Roman size 14pt font.

I further certify that the text of the electronic Brief filed by ECF and the text of the hard copies filed or to be filed with the Court are identical.

I further certify that the electronic version of this brief has been scanned for viruses using the program TotalAV.

Dated:  November 2, 2023                    Respectfully submitted,

By:  /s/ Janine D'Aniello Martin

Law Office of Michael J. D'Aniello
509 Swede Street
Norristown, PA 19490
Tel: 610-270-8800
Fax: 610-270-0503
janine@daniellolaw.com

*Attorneys for Appellees*

**<u>Certificate of Service</u>**

I, Janine D. Martin, certify that I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Third Circuit using the appellate CM/ECF system. In addition to the Court's CM/ECF notification system, I served a copy of the foregoing on Appellant by email.

Dated:  November 2, 2023              Respectfully submitted,

                                      By:  <u>/s/ Janine D'Aniello Martin</u>

                                      Law Office of Michael J. D'Aniello
                                      509 Swede Street
                                      Norristown, PA 19490
                                      Tel: 610-270-8800
                                      Fax: 610-270-0503
                                      janine@daniellolaw.com

                                      *Attorneys for Appellees*