# ANDREW R. PERRONG, ESQ.

**1657 The Fairway #131**
**Jenkintown, PA 19046**

andyperrong@gmail.com                                Tel. (215) 791-6957
                                                    Fax (888) 329-0305

March 26, 2024

*Via ECF*

Office of the Clerk
United States Court of Appeals for the Third Circuit
601 Market Street #21400
Philadelphia, PA 19106-1790

*Re: Perrong v. Montgomery Cty. Democratic Comm., No. 23-2415*

Pursuant to FED. R. APP. P. 28(j), Plaintiff-Appellant respectfully submits the United States District Court for the Northern District of Illinois' recent decision in *Rojas v. First Party for Bolingbrook*, No. 23-c-5049, 2024 WL 1254575 (N.D. Ill. Mar. 25, 2024).

The *Rojas* case, like this case, involved a Rule 12(b)(6) challenge to a lawsuit under the TCPA on the basis that an ATDS was not used to place political calls at issue, which Defendants argued were personalized using the Plaintiff's name, were sent from a local phone number, and did not "produce *a telephone number* using a random or sequential number generator." *Compare Rojas*, 2024 WL 1254575, at *2 (emphasis added) *with* Appellant's Br. at 10. In a carefully reasoned opinion, the Court denied the motion and ruled that an ATDS not only includes equipment which randomly or sequentially generates telephone numbers itself, but also includes "autodialers that capture not just a random phone number but also the name of the account holder and use a local phone number as the source." *Id.*; Br. at 16–17.

Moreover, just as here, the Northern District of Illinois held that the fact the calls were personalized and included the "Plaintiff's name" was insufficient to defeat other well-pled allegations, including the fact that the calls otherwise had generic content, which were sufficient to push the "TCPA claim into the realm of plausibility." *Id.*; Appellee's Br. at 7–

8, 18, 20. And, just like Appellant cited in his complaint, the Court cited favourably to language on the website of the telephone system's manufacturer, which included "references to the use of, or capacity to use, an ATDS, thus making it plausible that an ATDS system was used." *Id.*; Br. at 19.

This Court should similarly hold that an ATDS is not limited merely to equipment which randomly generates telephone numbers by itself but also includes equipment that uses random or sequential number generators to store or produce telephone numbers to be called from a list.

Very Truly Yours,

Andrew R. Perrong, Esq.

Encl.: *Rojas v. First Party for Bolingbrook*, No. 23-c-5049, 2024 WL 1254575 (N.D. Ill. Mar. 25, 2024).
Cc: Janine D'Aniello Martin, Esq., Attorney for Defendants