**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2415
_____

ANDREW R. PERRONG,
Appellant

v.

MONTGOMERY COUNTY DEMOCRATIC COMMITTEE; MONTCO VICTORY;
JOSEPH FOSTER
_____

On Appeal from the District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:22-cv-04475)
District Judge: Honorable Mitchell S. Goldberg
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 8, 2024
_____

Before: CHAGARES, Chief Judge, PORTER and SCIRICA, Circuit Judges

(Filed: April 17, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, <u>Chief</u> <u>Judge</u>.

Andrew Perrong alleged that Montgomery County Democratic Committee, Montco Victory, and Joseph Foster violated the Telephone Consumer Protection Act ("TCPA") based on telephone calls Perrong received urging him to vote for Montgomery County Democratic candidates in the 2019 general election. The District Court granted the defendants' motions to dismiss on the ground that they did not call Perrong using an automatic telephone dialing system ("ATDS") as defined by the statute. We agree and will therefore affirm.

I.

We write primarily for the parties and recite only the facts essential to our decision. Perrong alleged that the defendants used an ATDS to place three calls to his phone. The first two calls went to voicemail but no voicemail message was left. Perrong answered the third call. When he picked up, there was a significant delay, proceeded by a "click" and call center noise before the caller on the other side came onto the line. The caller asked for Perrong and inquired when he planned to fill out an absentee ballot to vote for Montgomery County democratic candidates. The caller also informed Perrong that the call was "paid for by the Montco Victory." Appendix 22 ¶ 43.

Perrong does not contend that the defendants placed the calls by using a device to generate phone numbers randomly or sequentially from scratch. He alleges only that the defendants used a number generator to determine the order in which to call phone numbers from a previously compiled voters list.

Perrong filed a lawsuit against the defendants alleging that the calls violated the

TCPA because the defendants used an ATDS to make them. The District Court granted the defendants' motions to dismiss with prejudice. Perrong timely appealed.

II.[1]

The TCPA prohibits "mak[ing] any call . . . using any automatic telephone dialing system . . . to . . . any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii). The statute defines an ATDS as follows:

> **(a)(1)** The term "automatic telephone dialing system" means equipment which has the capacity--
>
>> **(A)** to store or produce telephone numbers to be called, using a random or sequential number generator; and
>>
>> **(B)** to dial such numbers.

Id. § 227.

Perrong argues that although the defendants did not use a number generator to create phone numbers from scratch, they nonetheless used an ATDS because their device employed a number generator to determine the order in which to call a list of phone numbers. The District Court rejected this argument, explaining that Perrong's expansive definition of an ATDS is inconsistent with our decision in Panzarella v. Navient Solutions, Inc., 37 F.4th 867 (3d Cir. 2022).

In Panzarella, we held that a loan servicer did not violate the TCPA because there was no evidence that its device used a random or sequential number generator to produce

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We review a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) de novo. Schmidt v. Skolas, 770 F.3d 241, 248 (3d Cir. 2014).

or store phone numbers. Id. at 882. We posed a hypothetical of a device that could make phone calls in two modes: automatic-mode, where the device dials random or sequentially generated phone numbers, or list-mode, where the device dials telephone numbers from a customer list. Id. at 881. We explained that unlike automatic-mode calls, list-mode calls would not "threaten the harm the TCPA targets," namely, "telemarketing 'that risks dialing emergency lines randomly or tying up all the sequentially numbered lines at a single entity.'" Id. (quoting Facebook, Inc. v. Duguid, 592 U.S. 395, 405 (2021)). "Congress would have little reason," we noted, "to expose [the defendant] to liability for its list-mode calls as these calls do not present these risks." Id.; see also id. (observing that the TCPA was designed to "protect Americans from a particular type of harm").

The District Court's analysis was correct. Here, the defendants' calls were list-mode calls which, according to Panzarella, fall outside the scope of the TCPA's prohibitions. Perrong fails to explain how the defendants' method of calling risks dialing up emergency lines or tying up sequentially numbered business lines. This lawsuit is a case in point: Perrong received a targeted phone call (addressing him by name) that urged him to vote for a political party in his county's general elections. Thus, the defendants did not use an ATDS to call Perrong. See Beal v. Outfield Brew House, LLC, 29 F.4th 391, 395–96 (8th Cir. 2022); Borden v. eFinancial, LLC, 53 F.4th 1230, 1234–35 (9th Cir. 2022).

Perrong claims that a footnote in Facebook, Inc. v. Duguid, 592 U.S. 395 (2021), supports his position. We disagree. In Duguid, the Supreme Court held that the phrase

"using a random or sequential number generator" modifies both "store" and "produce," such that to qualify as an ATDS, a device "must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." Id. at 399, 402. The gist of Perrong's argument is that in footnote seven of Duguid, the Supreme Court endorsed the proposition that a device using a number generator to select and dial phone numbers from a previously compiled list is also an ATDS. But we did not adopt this reading of Duguid in our subsequent decision in Panzarella. And our sister Courts of Appeals have rejected this precise argument on the ground that it takes the footnote completely out of context. Borden, 53 F.4th at 1236; Beal, 29 F.4th at 396. We concur with their persuasive reasoning and reject Perrong's interpretation of Duguid.[2]

### III.

For the foregoing reasons, we will affirm the District Court's order granting the defendants' motions to dismiss with prejudice.

---

[2] We have considered Perrong's remaining arguments and conclude that they are meritless.